HENRY W. GARDNER vs. ELBRIDGE G. DUDLEY.

From a judgment upon default in the justices' court of the county of Suffolk, which by a rule of that court shall be entered at the adjournment of the court the same day, unless otherwise ordered, and is in fact actually so entered, an appeal, under the Rev. Sts. c. 85, § 13, and c. 87, § 11, must be taken within twenty four hours, although no judgment is entered on the docket until three days afterwards, and an appeal is then taken and allowed by the justices' court.

ACTION OF CONTRACT, originally brought in the justices' court of the county of Suffolk, and judgment rendered there for the plaintiff on the 20th, but not entered upon the record until the 23d of December 1856, when the defendant moved to strike off the default, and that motion being overruled, moved for leave to appeal, and that motion was allowed.

In the superior court the plaintiff was permitted to file an amendment of the record of the justices' court, certified by its clerk, which stated that judgment was rendered at the adjournment of the court on the 20th of December under the rule which is copied in the opinion. *Abbott*, J., on the plaintiff's motion, then dismissed the appeal, because not seasonably taken, and the defendant alleged exceptions.

*F. W. Sawyer*, for the defendant.

*W. L. Burt*, for the plaintiff.

DEWEY, J. The question is as to the appeal in this case having been seasonably taken. By the provisions of the Rev. Sts. c. 85, § 13, any party aggrieved by the judgment of a justice of the peace in any civil action " may, at any time within twenty four hours after the entry of judgment, appeal therefrom." The proceedings were before the justices' court of the city of Boston, a court having its peculiar organization under the special act creating the same, and the jurisdiction and proceedings of which in civil actions are like those of justices of the peace. Rev. Sts. c. 87, §§ 11, 13. It was within the province of the court to designate certain days of the week for holding its sessions, and for some purposes those days have been considered and treated as regular term days of that court. *Sawtell,*

*petitioner*, 6 Pick. 110. But the court had established rules for regulating the course of proceeding therein, and had adopted and promulgated one to this effect: " In actions defaulted for want of appearance at the calling of the new docket on the first day of the term, judgment shall be entered at the adjournment of the court on that day, unless the court shall otherwise order." By the amended return of the record of the justices' court it is certified " that the judgment was ordered at the adjournment of .the court on that day," under the above rule. Such being the case, the fact of judgment being rendered on the first day is established, though not formally entered on the docket. The rule above cited is tantamount to an express order of the court, fixing the day of entering judgment in this and similar cases. This default was not taken off, but remains as the ground of the judgment in the justices' court. This being so, the appeal should have been taken within twenty four hours after the adjournment of the court on the first day of the term. This not having been taken within that period, it was too late to claim the same·on the 23d of December. *Welch* v. *Damon*, 11 Gray, 383.

*Exceptions overruled.*